IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WES BURCH and JANICE BURCH d/b/a Integrative Communications | § § § | |
| V. | § § | CIVIL ACTION NO. G-11-192 |
| TECHNICAL SYSTEMS INTEGRATORS, LLC | § § § | |

## OPINION AND ORDER

On July 24, 2012, the Court conducted a Hearing on the Plaintiffs' "Motion for Leave to File Amended Pleading" (Instrument no. 23) which seeks permission to file a "Second Amended Complaint" adding claims for breach of fiduciary duty, promissory estoppel and exemplary damages; the Motion is opposed by the Defendant. Having now considered the Motion, the relevant submissions, the arguments of counsel and the applicable law, the Court issues this Opinion and Order.

The Court finds that it would be futile to allow Plaintiffs to add claims for breach of fiduciary duty and promissory estoppel. There is no evidence that a confidential relationship existed between the Plaintiffs and the Defendant prior to their entry into the "Managed Deployment Statement of Work" agreement made the basis of this action, therefore, under Texas law, no fiduciary relationship exists to support a breach of fiduciary duty claim. Schlumberger Technology Corp. v. Swanson, 959 S.W. 2d 171, 177 (Tex. 1997)   The existence of the written agreement between the Parties, which Plaintiffs concede contains the "promises" they claim were made by Defendant, precludes the assertion of a promissory estoppel action. Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W. 3d 212, 226 (Tex. 2002)

It is, therefore, **ORDERED** that insofar as the Plaintiffs' Motion (Instrument no. 23) seeks leave to add claims for breach of fiduciary duty and promissory estoppel, it is **DENIED**.

In their "live" complaint, the Plaintiffs have asserted a cause of action for fraud. A successful fraud claim can support an award of exemplary damages and the addition of such a claim, although tardy, will not jeopardize the current trial setting of August 20, 2012, and would afford Plaintiffs the opportunity for complete relief.

It is, therefore, further **ORDERED** that insofar as the Plaintiffs' Motion (Instrument no. 23) seeks to add a claims for exemplary damages, it is **GRANTED** and the exemplary damages claim **WILL BE** considered a part of the Plaintiffs' "live" complaint.

**DONE** at Galveston, Texas, this \_\_\_\_24th\_\_\_\_ day of July, 2012.

_____
John R. Froeschner
United States Magistrate Judge